SUMMARY ORDER

Dan Yun Li, a native and citizen of the People’s Republic of China, seeks review of an April 26, 2007 order of the BIA affirming the November 8, 2005 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Li, Dan Yun, No. A96 178 518 (B.I.A. Apr. 26, 2007), aff'g No. A96 178 518 (Immig. Ct. N.Y. City Nov. 8, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of *364 Justice, 494 F.3d 296, 305 (2d Cir.2007). “Substantial evidence” review “gives the agency the benefit of the doubt, since it requires not the degree of evidence which satisfies the court that the requisite fact exists, but merely the degree which could satisfy a reasonable factfinder.” Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 377, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998).
On appeal, Li has abandoned any challenge to the IJ’s conclusion that she failed to establish past persecution; we therefore do not consider it. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Absent a finding of past persecution, no presumption arises of a well-founded fear of future persecution; the burden of proof on this issue remained with Li. Chen v. INS, 359 F.3d 121, 126-27 (2d Cir.2004). The agency determined that Li failed to carry her burden, finding certain aspects of her testimony to be “implausible,” and the remainder to be insufficiently detailed and specific to support her allegation that she possesses an objectively reasonable fear of individualized persecution if she returns to China. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004) (noting that proof of a well-founded fear requires “presentation of reliable, specific, objective supporting evidence” (internal quotation marks omitted)). Our review of this ruling is somewhat hampered by the agency’s failure to make an explicit credibility finding. See Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000). However, we conclude that remand on this issue would be futile because, even crediting Li’s testimony, the hearing record does not supply evidence sufficient to conclude that Li’s fear of future persecution is objectively reasonable. See Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 395 (2d Cir.2005) (holding that remand is not required, notwithstanding errors, “when we can confidently predict that the IJ would necessarily reach the same result absent errors”).
“If the reviewing court undertakes to determine whether remand would be futile, it should assess the entire record and determine whether, based on the strength of the evidence supporting the error-free findings and the significance of those findings, it is clear that the agency would adhere to its decision were the petition remanded.” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 339 (2d Cir.2006). Li admittedly did not practice Falun Gong in China. Since arriving in the United States in 2004, she has learned only one exercise. She further testified that no one in the United States who knows her personally has seen her practice. While presumably Li wishes to continue practicing Falun Gong when she returns to China, she makes no claim that she intends to do so in public places; nor does she make any claim that she intends to distribute Falun Gong literature. Li’s friend in China who, before she left, had solicited her to distribute Falun Gong flyers, still lives there and submitted an affidavit in Li’s case that makes no mention of being harassed for his practice. Although Li testified that, after she left China, government officials went to her home to look for her, she also testified that her mother reported no difficulties in obtaining from the government a copy of Li’s official birth certificate in support of her asylum claim. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d. Cir.1999). In view of this record, we can “confidently predict” that the agency would adhere to its decision that, based on the speculative and general nature of her claim, Li failed to satisfy her burden of proving a well-founded fear of future persecution. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best”); Jin Shui *365 Qiu v. Ashcroft, 329 F.3d 140, 151 (2d Cir.2003) (finding that credible testimony-may be “nonetheless ‘too vague’ to establish refugee status, absent gap-filling evidence”), overruled in part on other-grounds by Shi Liang Lin v. U.S. Dep’t. of Justice, 494 F.3d 296, 305 (2d Cir.2007).
As Li did not meet her burden of proof to support her asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Li fails to challenge the BIA’s determination that there was “no support in the record” for her CAT claim. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. See Yueqing Zhang, 426 F.3d at 545 n. 7. Because Li has failed to sufficiently argue her CAT claim before this Court, and because addressing this claim does not appear to be necessary to avoid manifest injustice, we deem this claim abandoned.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.